UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * * *   )
INFORMED CONSENT ACTION NETWORK,  )   Civil Action
                                  )   No. 23-00219
            Plaintiff,            )
                                  )
   vs.                            )
                                  )
UNITED STATES FOOD AND DRUG       )   Washington, D.C.
ADMINISTRATION,                   )   July 7, 2025
                                  )   8:59 a.m.
            Defendant.            )
                                  )
* * * * * * * * * * * * * * * *   )

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
BEFORE THE HONORABLE REGGIE B. WALTON
UNITED STATES SENIOR DISTRICT JUDGE

<u>APPEARANCES:</u>

FOR THE PLAINTIFF:        ELIZABETH A. BREHM, ESQ.
                          SIRI & GLIMSTAD, LLP
                          745 Fifth Avenue
                          Suite 500
                          New York, New York 10151

FOR THE DEFENDANT:        BRIAN J. LEVY, ESQ.
                          UNITED STATES ATTORNEY'S OFFICE FOR
                            THE DISTRICT OF COLUMBIA
                          601 D Street, Northwest
                          Washington, D.C. 20530

FDA AGENCY COUNSEL:       TODD MILLER, ESQ.

REPORTED BY:              LISA EDWARDS, RDR, CRR
                          Official Court Reporter
                          United States District Court for the
                            District of Columbia
                          333 Constitution Avenue, Northwest
                          Room 6706
                          Washington, D.C. 20001
                          (202) 354-3269

THE COURTROOM DEPUTY:  Your Honor, this is Civil Action 23-219, Informed Consent Action Network versus United States Food and Drug Administration.

Will the parties on the audio conference line identify yourselves for the record this morning.  We'll start with Plaintiff's counsel first.

MS. BREHM:  Good morning, your Honor.  This is Elizabeth Brehm on behalf of Plaintiff, ICAN.

THE COURT:  Good morning.

MR. LEVY:  Good morning, your Honor.  This is Brian Levy on behalf of the Defendant.  And also, agency counsel is on the line as well.

THE COURT:  Good morning.

This matter is set for a status hearing.  What is the current status of the processing of documents down in Texas?

MR. LEVY:  So, your Honor, what happened was that the FDA had represented that it had concluded producing in the first action, *PHMPT* 1.  And Plaintiff there argued that a different file, the emergency use authorization file, was incorporated by reference.

And after summary judgment, the Court in Texas concluded that the FDA had to produce this emergency use authorization file, which I believe is about 600,000 additional pages.  And because the use of the emergency use

authorization file would be indistinguishable in the second case, that adds another 2.8 million pages of records. So now there were 3.4 million pages added on top of the previous estimates.

The FDA has finished producing the emergency use authorization file in the first case. And in the second case, the Court there extended the production until October 2026 based on a schedule -- a minimum of 180,000 pages per month.

Since the last conference -- well, I should say, since December of 2024, which was the month when there was the last conference -- I don't know when in December -- the documents were produced. The FDA has produced more than 2.5 million pages in these two actions, including, I believe, more than 800,000 in May and almost 450,000 in June.

So because of the Texas court order, they have devoted the vast majority of their resources to these requests.

THE COURT: Any response from Plaintiff's counsel?

MS. BREHM: Just to mention, your Honor, that the FDA originally moved for an 18-month stay here, and that was in September 2023. That was granted in part, as you know, on November 21st, 2023.

And so we are past even the 18 months the agency originally sought on the stay in this case.

So it sounds like to me -- and, Brian, please correct me if I'm wrong -- that this one is not still being processed at all, that there has been no forward movement on it. And I just want to confirm if that's accurate or not and what's going to happen now that we're past the 18 months that they originally asked for.

THE COURT: Government counsel?

MR. LEVY: So obviously, what changed since we made the motion was the addition of this emergency use authorization file, which pushed out the *PHMPT* 1 and 2 production schedule to October of '26 rather than -- I think it was originally supposed to be completed around now, which was what that estimate was.

Your Honor will be well aware the Court did not specifically grant an 18-month stay. There was no -- we'd just been going from status hearing to status hearing. No other court in this district has denied -- fully denied a stay request. So all the other cases affected by this hearing have stays or are currently in the process of moving for stays.

In terms of whether there's been progress, the agency does allow a small part of its processors to keep working. And so this FOIA request has moved up in the queue. It's now 290th. Right? There's no basis for it to be processed ahead of the other requests in the queue. So

the idea suggested by Plaintiff that there must be some kind of immediate action ignores the queue as well as the emergency use authorization file.

THE COURT:  Are you saying there are 289 requests ahead of this one?

MR. LEVY:  Yes, your Honor.  That's right.  The *PHMPT* request has created a really bad traffic jam.  They've convinced the Court that the request there was, quote, "arguably the most important FOIA request in American history," closed quote.  And so by order there, they've devoted basically all of the resources of the Center for Biological and -- I forgot what the E stands for, but the center that handles the COVID requests.

And I mean, part of the reason why there are so many is that this Plaintiff in this case has submitted 350 requests over the past years.  I would expect that the Plaintiff's request might be ahead of its own request here, but I'm not certain of that.

THE COURT:  So what is the Government's request at this point?

MR. LEVY:  Our request is the same as it has been, because *PHMPT* 2 has been stretched out by this emergency use authorization file.  We're happy to come back in six months and let you know the progress.  But we think a stay until such time as *PHMPT* 2 is completed, which was always our

position, is, I mean, not just logical, but necessary, given the incredible -- I mean, when I see those production numbers, I hurt.  It's really ugly.

So that's the Government's position.

THE COURT:  And just refresh my memory:  What is the relationship between the requestor or requestors that have been made in Texas and the request that's being made here?

MS. BREHM:  Your Honor, this is Elizabeth Brehm.

The counsel is the common factor.  So we represent two separate Plaintiffs, one of which made the request in *PHMPT*.  That group is the doctors' group, which the Court refers to it as.  And we are common counsel for ICAN in this case.

And I will just note that what Mr. Levy said about this being one of the most important FOIA requests in American history, that was not something that our client or we as counsel said.  That is what the Court tells in that matter.  That was not something we put forward to the Court as a reason why it needed to be produced.  That was always the Court's conclusion.

THE COURT:  So what's your response to the Government's request that -- I assume they're requesting now that I stay this matter until sometime in October, when hopefully the production would have been completed or at

least the review would have been completed down in Texas?

MS. BREHM:  Your Honor, I think my position is -- remains the same.  We're waiting until October of 2026.  We are still talking about -- and it sounds like to me that's when they're saying they're going to be able to contribute more resources to processing these 290 requests.  We're now still 15 months out from that date.

And I fully appreciate that there is resources constraints and, you know, it's a hard position for the Government to be in.  But I still think it's just violating the spirit and then the words of FOIA to, you know, have 290 requests sitting there this long.

I'm not sure what our position in the queue was six months ago or how much movement we've made, and I don't know if Mr. Levy would have that information.  But to me, that's an incredibly drastic ask, is to be able to sit on a request that -- it's already been 19 months, nearly 21 months, since they made their original stay motion; and now they're asking seemingly for another 15 months before they begin really processing this request.  So we would oppose that.

THE COURT:  I mean, I'm not happy with this situation, obviously.  But I just don't know what else I can do.  I mean, you can't force something to occur if the resources are not there in order to make it occur.

And I think, you know, unfortunately, as I've said before, Congress enacts these laws.  They're good laws.  But then they don't provide the resources in order for these types of requests to be done expeditiously and they don't have the person power to accomplish the review and the production in a timely manner consistent with what the statute calls for.  It's not the Court's fault; it's Congress's fault.

And now we've got an administration that seems to want to gut the federal government.  So that is even probably going to complicate the ability to process these type of applications expeditiously beyond the problem we're experiencing now.

So I just -- even though I don't like it, I just don't see what I can do.  I mean, unfortunately, we've got judges in other parts of the country who impose impossible obligations on the Government.  And obviously, that puts a restriction on my ability to accomplish things in my case, because if another case was processed before this case and obligations were imposed by a court regarding the production of documents, that takes precedence over subsequent applications that are made.

So unfortunately, I just don't see any alternative other than to continue this matter again, with the hope that maybe by then the Government will be finished with the

production in the Texas case and be in a position to focus on production requests in this case.

So, Government counsel, you're talking about October of 2026?

MR. LEVY:  Yes, your Honor.  That's when the production in *PHMPT* 2, including the new 2.8 million pages, is expected to be completed.

THE COURT:  So your ask is what, then?

MR. LEVY:  Well, I think we would gladly ask for a stay until then.  But I think that, consistent with the previous orders in this case, we think it makes sense to come back every six months and report to you on this, the progress, as we've been doing since we had first -- since the original motion for a stay.

THE COURT:  Very well.  We'll set this matter for January 13th at 9:00, if that's good.

MS. BREHM:  That works for me, your Honor.

MR. LEVY:  Thank you, your Honor.

THE COURT:  And we'll conduct the hearing again remotely.  If the number changes, we'll let you know.

Thank you.

MS. BREHM:  Thank you, your Honor.

MR. LEVY:  Thank you.

(Proceedings concluded.)

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 13th day of July, 2025.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269