IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

INFORMED CONSENT ACTION       )
NETWORK,                      )
                              )
                              ) CIVIL ACTION 23-219
        Plaintiff,            )
                              )
v.                            ) January 13, 2026
                              )
UNITED STATES FOOD AND DRUG   )
ADMINISTRATION,               )
                              )
                              )
        Defendant.            )
_____ )

TRANSCRIPT OF STATUS CONFERENCE (TELEPHONE)

BEFORE THE HONORABLE REGGIE B. WALTON
UNITED STATES SENIOR DISTRICT JUDGE
---

APPEARANCES:        SIRI & GLIMSTAD LLP
                    BY:  ELIZABETH ANN BREHM
                    745 Fifth Avenue, Suite 500
                    New York, NY 10151

                    For the Plaintiff

                    DEPARTMENT OF JUSTICE-USAO
                    BY:  BRIAN J. LEVY,
                    601 D Street NW
                    Washington, DC 20530

                    For the United States

                    ---

COURT REPORTER:     CHANDRA R. KEAN, RMR, FCRR
                    Official Court Reporter
                    333 Constitution Avenue, NW
                    Washington, DC 20001

**PROCEEDINGS**

(Court called to order at 9:00 a.m.)

DEPUTY COURTROOM CLERK:  This is Civil Action 23-219, Informed Consent Action Network v. the United States Food and Drug Administration.

May I have counsel identify yourselves for the record, beginning with plaintiff's counsel.

MS. BREHM:  Yes, good morning, Your Honor. This is Elizabeth Brehm on behalf of plaintiff, Informed Consent Action Network.

THE COURT:  Good morning.

MR. LEVY:  Good morning, Your Honor.  This is Brian Levy, attorney for the United States on behalf of defendant.

THE COURT:  Good morning.  What is the status of what's going on down in Texas?

MR. LEVY:  So, Your Honor, everything is going as, you know, the Texas Court ordered.  The agency is still under an order to produce at least, I think it's 160- or 180,000 pages a month through October 1st, 2016 [sic], so the extraordinary circumstances that justified the previous stays remain in effect, as expected.

THE COURT:  So you said the document you anticipate would be completed when again?

MR. LEVY:  I'm sorry.  It's under the order in the second of the cases -- so in the first case, as we, I think, discussed last time, the first case production is complete.  The second case, there's a court order to produce at least 180,000 pages a month, including the production in October 1st of this year.

THE COURT:  Okay.  So what are you proposing I do in this case?

MR. LEVY:  I mean, I think it would make sense to have a stay at least through that October 1st.  I mean, it will be longer until we get the plaintiff's request because there's still a queue, and we currently have plaintiffs as -- I have it written down -- 277th in the queue as of January 5th.

So even -- once the FDA reviewers get released from PHMPT-2, obviously that will speed the complex track processing, but it won't immediately jump to 277.

THE COURT:  And as I understand, the records being requested in this case are similar to the records that are being requested in the Texas cases, right?

MR. LEVY:  I think that they both relate to COVID vaccines.  The records requested in this case, I think, are more specific and would post-date the records in the Texas case.  The records in the Texas case were largely about the application for the vaccine, and this

request requests specific safety data, so after the vaccines were being used.

THE COURT: Right.

What's plaintiff's counsel's response to what's been indicated?

MS. BREHM: Yeah, that's right. First, on the substance of the request, they don't overlap. Other than that, they both are concerning COVID-19 vaccines. But other than that, I wouldn't expect there to be any actual overlap with records.

For the record, we would just point out that this request was originally submitted January 25th, 2023, so we're coming up on three years. It's been about three years -- sorry, more than two years and three months since defendants made their motion for an 18-month stay.

So our client still very much wants the records despite the fact that, you know, they're growing more stale every day, and they likely now involve many individuals who might not even be at the agency any longer given the time period.

Agency counsel, and correct me if I'm wrong, I think you just said, Brian, that we're 277th in the queue. That seems to have moved up 13 spots in six months. So our position remains that PHMPT-1 is complete, PHMPT-2 has been being produced at or above

the requested rate by -- I'm sorry, the ordered rate by the Court, and we would ask that the agency, you know, be ordered to continue to process all other requests. This request was 320th in queue in May 2024. So we've gone from 320 to 277 in over a year and a half, closer to two years. So we would oppose the stay.

However, if the Court is going to take the position that the agency doesn't need to do anything on this request until after PHMPT-2, you know, I would just respectfully request that it -- I think it probably makes the most sense then for us to wait until after October to come back, just because if we do it in six months again, I don't see that there will be any change in that.

And that's all, Your Honor.

THE COURT: Okay. Well, I mean, I'm not unsympathetic to your desire to get these records as soon as possible, and I think it's unfortunate that Congress enacts legislation for a laudable thing to be done, but then they don't provide the resources in order for requests pursuant to FOIA to be completed expeditiously.

It's unfortunate, but I just think it would be unfair despite, I think, the onerous task that was imposed down in Texas in the two cases. But in light of

the fact that the Court of Appeals has said that we have to put the cases in order based upon when submissions for production are made, and there's nothing I think I can do.  I think it would be inappropriate for me to jump this case over the other cases that were filed earlier.

And as I said, despite the onerous burden that's been imposed in the two Texas cases related to the documents in this case, I think I have no other alternative other than to continue to grant the request for a stay and to continue this matter until early November and see where we are at that point.

So I'll set the matter for -- what about November 5th at 9:00?

MS. BREHM:  That works for me, Your Honor.

MR. LEVY:  Sure, Your Honor.  That works for me as well.

THE COURT:  Thank you.

MS. BREHM:  Thank you.

MR. LEVY:  Thank you, Your Honor.

(Court in recess, 9:11 a.m.)

- - -

CERTIFICATE OF OFFICIAL COURT REPORTER


I, CHANDRA KEAN, RMR, FCRR, do hereby certify that the above and foregoing constitutes a true and complete transcript of the proceedings held in the above-titled matter.

Dated this 15th day of January, 2026.


_____
Chandra Kean, RMR, FCRR
Official Court Reporter